IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES WESLEY McCARTNEY | § | |
| v. | § | CIVIL ACTION NO. 9:06cv72 |
| RICK THALER, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff James McCartney, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

McCartney complained about procedures followed during administrative segregation hearings and a property restriction hearing. He also complained about an incident in which he was sexually harassed and his tennis shoes confiscated, a disciplinary case which he received in connection with this incident, the failure to investigate this incident, and other incidents in which his coffee pot, fan, multi-plug outlet, and two commissary bags were confiscated.

The Magistrate Judge conducted an evidentiary hearing to allow McCartney to testify concerning his claims. The Magistrate Judge also received and reviewed copies of McCartney's prison grievances.

On October 16, 2006, the Magistrate Judge issued a lengthy and detailed Report recommending that McCartney's lawsuit be dismissed. McCartney filed objections to the Magistrate Judge's Report on October 27, 2006.

McCartney begins his objections with a lengthy restatement of his claims. He argues that prison administrative directives, policy statements, and internal policy documents can give rise to constitutionally protected liberty interests, but this is not an accurate statement of the law. *See* Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). McCartney says that a liberty interest is created if the rule or regulation limits the discretion of officials, but fails to note that this principle was overruled by the Supreme Court in Sandin.

Next, McCartney says that he has a right to file his complaint in federal court rather than state court, contending that the deprivation of his property was the result of an established state procedure rather than a random and unauthorized confiscation. However, such a claim requires a showing that it was a defective established procedure itself, rather than wrongful acts done in the course of following an established procedure, which caused the deprivation at issue. Holloway v. Walker, 784 F.2d 1287, 1292 (5th Cir. 1986).

In Holloway, the plaintiffs claimed that they were deprived of property through a judicial proceeding presided over by a biased and corrupt judge. The Fifth Circuit held that the plaintiffs were not challenging the validity of the established procedure, but the allegedly illegal and unauthorized actions of the judge; because an adequate state post-deprivation remedy existed, the plaintiff's federal claims were barred. The Fifth Circuit specifically observed on rehearing that random and unauthorized deprivations of property or liberty interests may be made even by high-ranking officials with the power to grant pre-deprivation hearings. Holloway v. Walker, 790 F.2d 1170, 1173 (5th Cir. 1986) (opinion on rehearing).

Similarly, McCartney is not challenging the TDCJ-CID disciplinary procedures themselves, but rather the allegedly illegal and unauthorized actions of the charging officer and the hearing officer. *Accord*, Collins v. King, 743 F.2d 248, 254 (5th Cir. 1984) (claim that member of a disciplinary hearing board was biased against a prisoner did not set out a due process claim where an adequate state post-deprivation remedy exists). His claim on this point is without merit.

Next, McCartney disclaims any intent to set out the deprivation of shoes for three days as a separate claim, saying that he cited this only as an "off-hand example" of his ordeal. He reiterates his contention that he was "sexually harassed" by the officer, and complains that he should be entitled to the same process at a segregation hearing as at a disciplinary hearing. McCartney further states that he has the right to a proper investigation of his complaints and grievances. These objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the plaintiff's original and amended complaint, the testimony at the evidentiary hearing, Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED as frivolous with prejudice as to its refiling in federal court, but without prejudice as to any relief which McCartney may seek in the courts of the State of Texas under state tort law. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the **29** day of **November, 2006.**

_____
Thad Heartfield
United States District Judge